Filed 5/6/13  P. v. Chaffer CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C069673 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF112413) |
| v. | |
| SYDNEY JOAN CHAFFER, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the procedural history and facts of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## PROCEDURAL HISTORY

A jury convicted defendant Sydney Joan Chaffer of transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)).  Imposition of sentence was suspended and defendant was placed on Proposition 36 probation for three years.

1

## TRIAL EVIDENCE

### Prosecution's Evidence

On an afternoon in April 2011, Yolo County Sheriff's Deputies Dana Tello and Derrick Alatorre observed two cars stopped at the side of a state highway in the vicinity of a dangerous sharp turn. The deputies stopped to perform a welfare check on a man and woman standing between the cars. The woman, identified as defendant, indicated that she did not need assistance and that she was speaking to her daughter on a cellular telephone.

Defendant told Deputy Tello that she was returning home from a casino where she had been all night long. She told Tello she had not possessed or used any illegal substances and stated she was a recovering cocaine addict.

Defendant granted Deputy Alatorre's request to search her car. Alatorre found a purse that defendant identified as hers. She gave Alatorre permission to search the purse. The search yielded two small clear plastic baggies containing a white substance that tested presumptive positive for methamphetamine. Deputy Tello opined that the methamphetamine was a usable amount.

Following advisement of her constitutional rights, defendant admitted that the methamphetamine was hers. She claimed she had purchased it a while ago and had forgotten it was in her purse. Following this conversation, Deputy Tello placed defendant in the back of her patrol car, which was equipped with a recording device. While seated in the patrol car, defendant told the man she had been with that she wanted him to bail her out. He responded that she should not have consented to the search. He stated he would claim she had refused to consent to the search.

### Defense Evidence

Deputy Tello was recalled for the defense. Tello confirmed defendant's statement that she had bought the methamphetamine a long time ago. Defendant did not indicate where she had gotten it.

2

**DISCUSSION**

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

                                             MURRAY     , J.

We concur:

          BUTZ      , Acting P. J.

          DUARTE     , J.

3